## James S. Quaintance v. Joseph Badham.

1. VERDICT—*Upon Conflicting Evidence.*—A verdict upon conflicting evidence is, in general, conclusive.

Assumpsit.—Appeal from the Circuit Court of Mercer County; the Hon. JOHN J. GLENN, Judge, presiding. Heard in this court at the May term, 1896. Affirmed. Opinion filed December 9, 1896.

JAMES M. BROOK, attorney for appellant.

BASSETT & BASSETT, attorneys for appellee.

MR. PRESIDING JUSTICE HARKER DELIVERED THE OPINION OF THE COURT.

Appellee entered into a contract to drive a well upon appellant's farm, and get a good supply of water, for which appellant was to pay him $1.50 per foot through soil and $2 per foot through rock. On the third of September, 1895, while appellee was at work, appellant seized the machinery with which appellee was at work, by virtue of a chattel mortgage which we hold to be void, and thereby stopped the work. A few days afterward appellee replevied the machinery and offered to go on with the work, but appellant would not allow him to do so.

This suit followed, which was defended on the ground that appellee had not complied with his contract, which, it was contended, was to procure water by September 1, 1895, and

that appellee was, while working, to abstain from intoxicants.

Appellee recovered a judgment against appellant for $292.50.   There was a conflict in the evidence as to when the work was to be completed.   In the conflict it was the peculiar province of the jury to decide.   We think the verdict supported by the evidence.

There was no error of the court in refusing to allow the chattel mortgage to go in evidence.   Our reasons for holding the chattel mortgage void are fully set forth in the replevin suit between Quaintance and Badham, page 87, *ante*, and need not be repeated in this opinion.   Appellant was not justified in taking possession of the machinery and thereby stopping the work.   There was no error committed by the court in the giving or refusing of instructions.   Judgment affirmed.